NOT FOR PUBLICATION                              [Dkt. Ent. 5]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, and WILLIAM J. EINHORN, Administrator,<br><br>          Plaintiffs,<br><br>               v.<br><br>ROCK CANYON, INC.,<br><br>          Defendant. | Civil Action No. 14-04425<br><br>(RMB/JS)<br><br>**MEMORANDUM ORDER** |

BUMB, United States District Judge:

       Plaintiffs Teamsters Health and Welfare Fund of

Philadelphia and Vicinity and William J. Einhorn, Administrator

(the "Plaintiffs") have moved for default judgment against

Defendant Rock Canyon, Inc. (the "Defendant") pursuant to

Federal Rule of Civil Procedure 55(b)(2).  For the reasons that

follow, Plaintiffs' motion is GRANTED.

       On July 15, 2014, Plaintiffs commenced the above-captioned

action against Defendant pursuant to Section 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502

of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1132, and Section 515 of ERISA, 29 U.S.C.

§ 1145.  Plaintiffs assert that, pursuant to the Collective

Bargaining Agreements ("Labor Contracts") and the Agreement and

Declarations of Trust ("Trust Agreement") to which Defendant was a party and/or agreed to abide by, that Defendant is obligated to make certain contributions to Plaintiffs. (Compl. ¶¶ 7-9.) However, a compliance audit revealed that Defendant has failed to remit the full amount of the required contributions for the period July 2013 through March 2014, and it has refused to submit the payments despite having notice of the delinquencies. (Id. at ¶¶ 10-12 & Ex. 2.)

Service of the Summons and Complaint were made upon Defendant on July 30, 2014. (Dkt. Ent. 3.) The time for Defendant's response expired on August 20, 2014, and Defendant has neither answered nor otherwise responded to the Complaint. On September 19, 2014, Plaintiffs requested entry of default, which the Clerk subsequently entered. (See Dkt. Ent. 4.) Plaintiffs also filed the instant motion on September 19, which was served upon Defendant by First Class Mail. (Dkt. Ent. 5.) Defendant also failed to respond to the motion.

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). Whether default judgment is proper depends on

2

(1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct.  See N.J. Bldg. Laborers' Statewide Pension Fund and Trustees Thereof v. Pulaski Construction, No. 13-519, 2014 WL 793563, at *3-4 (D.N.J. Feb. 26, 2014) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)).  As noted above, the docket reflects that the summons and complaint were served personally upon an owner of Defendant.  When Defendant failed to respond to the Complaint, Plaintiffs properly sought entry of default pursuant to Federal Rule of Civil Procedure 55(a).

"Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement."  Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions, No. 11-4976, 2013 U.S. Dist. LEXIS 120769, at *9-10 (D.N.J. Aug. 26, 2013) ("LIUNA") (citing ERISA Section 515, 29 U.S.C. § 1145).  Section 502(a) permits a plan fiduciary to sue an employer for failure to make the required contributions.  29 U.S.C. § 1132(a).  If a court enters judgment in favor of the plan fiduciary, ERISA section 502(g)(2) requires the court to award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable

3

attorneys' fees and costs; and (5) other relief the court deems appropriate.  Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration, No. 05-5879, 2006 U.S. Dist. LEXIS 92460, at *6 (D.N.J. Dec. 20, 2006) (citing 29 U.S.C. § 1132(g)(2)); see also LIUNA, 2013 U.S. Dist. LEXIS 120769, at *10.

        According to the Complaint, Defendant was a party to and/or agreed to abide by the terms of the Labor Contracts obligating it to remit fringe benefit contributions to Plaintiffs in a timely manner on behalf of eligible employees.[1]  (Compl. ¶¶ 7-9.) In connection with its motion for default judgment, Plaintiffs submitted a Labor Contract entered into by Teamsters Local Union No. 312, inter alia, and the Contractors Association of Eastern Pennsylvania, signed on June 6, 2012, and effective for the period May 1, 2012 through April 30, 2014. (Ex. 1.) Plaintiffs also submitted a signature page signed on behalf of Defendant and dated July 16, 2012, as well as an addendum signed by Defendant on the same date, by which Defendant agreed to be bound by the Labor Contracts during the relevant period. (Id.) Accordingly, the Court is persuaded that Defendant was obligated to make contributions pursuant to the Labor Contracts.

_____

        [1] "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted).

While Defendant's default constitutes an admission of the allegations in the Complaint, "[a] default is not an admission of the amount of damages claimed." Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6, 7 (citation omitted). Here, Plaintiffs further allege that it performed an internal compliance audit, which revealed that Defendant owes $8,975.76 in outstanding contributions for the period from July 2013 to March 2014.  (Ex. 2.)  Due to Defendant's continued refusal to make the obligated payments, however, that amount grew to $11,898.80 up to and including delinquencies for June 2014. (Ex. 5.)  Accordingly, Plaintiffs' allegations sufficiently state a cause of action under ERISA.

As to whether default is proper, Defendant's failure to respond to Plaintiffs' Complaint or to oppose their motion for default judgment has deprived Plaintiffs of the opportunity to litigate their claims against Defendant.  And, Defendant's failure to make the required contributions can negatively impact Plaintiffs' ability to pay their beneficiaries and thus Plaintiffs will be prejudiced if default judgment is not entered in their favor.  See Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6-7; Pulaski Construction, 2014 WL 793563, at *3.  Moreover, because Defendant has failed to file a responsive pleading indicating why default judgment should not be entered in Plaintiffs' favor, the Court is "not in a position

to determine whether [Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct." See Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6-7 (quoting Carpenters Health & Welfare Fund v. Naglak Design, No. 94-2829, 1995 U.S. Dist. LEXIS 566, at *7 (E.D. Pa. Jan 18, 1995)); see also Pulaski Construction, 2014 WL 793563, at *3 ("The Court has no duty to construct a defense for Defendant."). Accordingly, these factors favor entry of default judgment against Defendant.

Because this action seeks delinquent contributions, this Court must award (1) the unpaid contributions; (2) interest; (3) the greater of either interest or liquidated damages provided under the plan not to exceed 20% of the unpaid contributions; and (4) reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2). Here, Plaintiffs submitted reports showing outstanding remittances in the amount of $11,898.80. (Exs. 2, 6.) Plaintiffs further submitted a calculation setting forth the interest owed for the delinquency periods amounting to $229.03. (Ex. 6.) The Court finds that these amounts are properly calculated and supported.

Plaintiffs also seek $1,189.88 as liquidated damages on late paid contributions, noting that the Fund's Trust Agreements permit such liquidated damages in an amount of 10% of the outstanding contributions. Plaintiff does not appear to have

6

submitted the relevant section of the Trust Agreement setting forth the amount of liquidated damages Defendant agreed to pay, however, and thus the Court cannot award this amount in the absence of proper substantiation.  Plaintiffs shall have twenty days in which to submit additional documentation supporting Plaintiffs' entitlement to this amount.

Plaintiffs also seek attorneys' fees in the amount of $2,535.00 and costs of $513.80 for a total of $3,048.80.  (Aff. of Susan A. Murray ¶ 3; see also Ex. 8.)  In support of their request, Plaintiffs submit timesheets reflecting the legal services performed on the specified date and by whom they were performed.  (See Aff. of Susan A. Murray & Ex. 8.)  In addition, counsel provides the hourly rates charged as follows: $250/hour for partner, Susan Murray, and $150/hour for senior paralegal, Kristine G. Becker.  (Aff. of Susan A. Murray ¶ 3.)  In looking at the timesheets, however, Murray's rate was $250/hour only for the May 2014 entries, while all subsequent entries were billed at $225/hour.  (Ex. 8.)  According to the Court's calculation, Becker spent 6.3 hours preparing the Complaint, coordinating service of process, and calculating interest, attorneys' fees and costs.  Murray spent 6.9 hours communicating with Defendant's attorney, reviewing and revising the complaint, and preparing the motion for default judgment.  The Court finds that Murray's fees are reasonable in light of the nature of the case

and the services rendered.  See, e.g., Laborers Int'l Union of
N. Am. Local No. 199 Welfare, Pension, Apprenticeship &
Training, Annuity and Laborers-Employers Co-op. Educ. Trust
Funds of Delaware, Inc. v. Ramco Solutions, No. 11-4976, 2013 WL
4517935, at *5 (D.N.J. Aug. 26, 2013) (finding 10.6 hours of
work at a rate of $300/hour reasonable in ERISA matter).  In
addition, the Court finds that the costs incurred in the amount
of $513.80, which includes filing and service fees, are
reasonable and should be awarded.

As for the fees associated with Becker's services, the
Court finds that Plaintiff has failed to substantiate the
$150/hour rate, which exceeds the rates courts generally have
found to be reasonable for paralegal work.  Cf. J & J Sports
Prods., Inc. v. Castro, No. 14-557, 2015 WL 389381, at *5
(D.N.J. Jan. 28, 2015) (finding $95/hour to be reasonable rate
for paralegal); Trustees of Nat. Elevator Industry Pension,
Health Ben., Educational, Elevator Industry Work Preservation
Funds v. Elevator Guild, LLC, No. 11-2870, 2013 WL 271888, at *4
(E.D. Pa. Jan. 23, 2013) (finding plaintiffs had adequately
demonstrated $118/hour rate for paralegal was reasonable);
Bucceroni v. City of Phil., No. 03-6371, 2006 WL 3420298, at *3
(E.D. Pa. Nov. 27, 2006) (awarding fees at rate of $100/hour for
paralegal); Haisley v. Sedgwick Claims Mgmt. Servs., Inc., No.
08-1463, 2011 WL 4565494, at *10 (W.D. Pa. Sept. 29, 2011)

8

(finding plaintiffs failed to demonstrate $125/hour is a reasonable rate for paralegals).  Plaintiff may file within twenty days a supplemental affidavit and/or documentation addressing the reasonableness of the $150/hour rate for paralegal services rendered.

ACCORDINGLY, FOR THESE REASONS, IT IS on this, the **2nd** day of **February** **2015**, hereby

**ORDERED** that Plaintiffs' motion for default judgment is GRANTED in part and DENIED in part; and it is further

**ORDERED** that judgment shall be entered in favor of Plaintiffs and against Defendant in the amount of $14,231.63, representing $11,898.80 in unpaid benefit contributions, $229.03 in accrued interest, $1,590.00 in attorneys' fees, and $513.80 in costs; and it is further

**ORDERED** that Plaintiffs shall have twenty (20) days within which to submit documentation supporting their request for liquidated damages, as well as fees for paralegal services, as discussed above.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE