NOT FOR PUBLICATION                                    [Dkt. Ent. 7]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, and WILLIAM J. EINHORN, Administrator,<br><br>    Plaintiffs,<br><br>        v.<br><br>ROCK CANYON, INC.,<br><br>    Defendant. | Civil Action No. 14-04425<br><br>(RMB/JS)<br><br>**MEMORANDUM ORDER** |

BUMB, United States District Judge:

   This matter comes before the Court upon a motion for reconsideration filed by Plaintiffs Teamsters Health and Welfare Fund of Philadelphia and Vicinity and William J. Einhorn, Administrator (the "Plaintiffs"). (Dkt. Ent. 7.) On March 2, 2015, the Court granted Plaintiffs' motion for default judgment against Defendant Rock Canyon, Inc. (the "Defendant"), but denied Plaintiffs' request for liquidated damages and attorneys' fees for paralegal work, finding that Plaintiffs had failed to adequately support its requests. (See Dkt. Ent. 6.) The Court also permitted Plaintiffs to file supplemental materials in support of their requests within twenty (20) days of the Order. Plaintiffs have now done so and, for the reasons set forth below, the Court will grant the motion and award judgment in

1

favor of Plaintiffs in the amount of $1,189.88 as liquidated damages and $945.00 in additional attorneys' fees.[1]

As the Court recognized in its March 2 Order, if a court enters judgment in favor of the plan fiduciary, ERISA section 502(g)(2) requires the court to award, among other things, liquidated damages and reasonable attorneys' fees and costs. <u>Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration</u>, No. 05-5879, 2006 U.S. Dist. LEXIS 92460, at *6 (D.N.J. Dec. 20, 2006) (citing 29 U.S.C. § 1132(g)(2)); <u>see also</u> <u>LIUNA</u>, 2013 U.S. Dist. LEXIS 120769, at *10. In support of its request for $1,189.88 in liquidated damages, Plaintiffs have now submitted the Agreement and Declaration of Trust of the Teamsters Pension Trust Fund, which grants the Trustee the authority to establish the policy and rules of the plan, to collect all contributions and other payments, and to pay for all reasonable and necessary expenses of collecting Fund contributions. (<u>See</u> Ex. 1 to Mot. at Art. IV §§ 1(a), (d), & (j).) Plaintiffs also submitted the Agreement and Declaration of Trust of the Teamsters Health and Welfare Fund, which similarly provides the Trustee with the authority to make rules and regulations, and to collect money owed to the Trust. (<u>See</u> Ex. 2 to Mot. at § 9(e) & (g).) Pursuant to the

---

[1] These amounts are in addition to the judgment of $14,231.63 entered on March 2, 2015. (<u>See</u> Dkt. Ent. 6.)

authority set forth in these Agreements, the Trustees established a policy of assessing 10% of the contributions owed as liquidated damages, which is reflected in the Model Contract Language for the Funds. (See Ex. 3 to Mot. at § 7, available at www.teamsterfunds.com.) Accordingly, the Court finds that Plaintiffs' request for liquidated damages in the amount of $1,189.88, or 10% of the outstanding remittances, is supported by the Trust Agreements and Model Contract Language.

Plaintiffs also seek attorneys' fees in the amount of $945.00 for 6.3 hours of work performed by senior paralegal, Kristine G. Becker. (See Dkt. Ent. 6 at 7; Exs. 7 & 8, Dkt. Ent. 5.) According to the Court's calculation, Becker spent 6.3 hours preparing the Complaint, coordinating service of process, and calculating interest, attorneys' fees and costs, among other tasks. The Court originally denied these fees, requesting that Plaintiffs support the $150/hour rate charged for this paralegal's services. In response, Plaintiffs submit the Declaration of Susan A. Murray, who attests that Becker has been employed as a paralegal, working for attorneys who represent Taft-Hartley Funds since 1997. (Decl. ¶ 3.) She has been with Freedman & Lorry, P.C., Plaintiffs' counsel, for nearly 14 years, and works for four attorneys there. (Id.) Becker also performs work consistent with that of a law clerk, such as legal research, drafting pleadings and discovery, and trial

preparation. (Id. at ¶¶ 4, 7.) Plaintiffs' counsel explains in her Declaration that Becker's hourly rate is based upon her "extensive experience" and "high rate of proficiency in the area of ERISA litigation." (Id. at ¶ 7.) Counsel also contends that "[t]he difficulty in a market analysis of her rate stems from [the] highly specialized area of her experience." (Id.) Based upon counsel's affidavit and the nature of the services performed by Becker (e.g., drafting the Complaint and calculating amounts due), the Court is persuaded that $150/hour is a reasonable hourly rate for the services provided. In so holding, the Court agrees with counsel that Becker performed tasks equivalent to that of a law clerk, and notes that the fees would be much higher had an associate been tasked with drafting the complaint. The Court further finds that $945.00 is a reasonable amount in light of the nature of the case and the services performed by Becker.

ACCORDINGLY, FOR THESE REASONS, IT IS on this, the **24th** day of **March 2015**, hereby

**ORDERED** that Plaintiffs' motion for reconsideration is GRANTED; and it is further

**ORDERED** that the judgment entered in favor of Plaintiffs and against Defendant on March 2, 2015 shall be AMENDED to provide for judgment in the amount of $16,366.51, representing $11,898.80 in unpaid benefit contributions, $1,189.88 in

4

liquidated damages, $229.03 in accrued interest, $2,535.00 in attorneys' fees, and $513.80 in costs; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
